DICKINSON, Presiding Justice,
concurring in part and dissenting in part:
¶ 38. While presiding over a youth-court case, Judge William L. Skinner II issued a “no-contact” order between a “Mr. Cooper” and his children, who were residing with the mother, “Mrs. Cooper.” Judge Skinner later recused himself from the case, meaning that he no longer had the legal right to involve himself in the case.[11]
¶ 39. Less than a month later, while still recused from the ease, Judge Skinner received a “tip” from some member of the Hinds County Sheriffs Department, who told Judge Skinner that he had “heard” from Mr. Cooper’s brother that Mr. Cooper was “running” and was still “together” with Mrs. Cooper. Rather than explaining that he was recused on the case and directing the tipster to the acting judge, Judge Skinner illegally and inappropriately injected himself back into the case by issuing illegal bench warrants for the arrest of Mr. and Mrs. Cooper, and ordering that they be incarcerated without bond.
¶ 40. On March 21, 2011 — at her home and in front of her terrified children — Mrs. Cooper was arrested and taken to jail, where she remained for four days. Her children were placed in foster care and were not returned to their mother’s care until July 27, 2011. The youth-court pros *309 ecutor said, in effect, “whoops,” and never even pursued the alleged contempt allegation against Mrs. Cooper.
¶ 41. For this conduct, the Mississippi Commission on Judicial Performance ordered that Judge Skinner be publicly reprimanded, fined $1,000, and assessed $100 in costs. The majority agreed with the fine and public reprimand, but also ordered a thirty-day suspension. I do not find this punishment sufficient.
¶ 42. This is not a case about fixing traffic tickets or inappropriate courtroom demeanor — rather, it is about misuse of the highest and potentially most abusive power judges possess, that is, the power to deprive citizens of their liberty and order them incarcerated. Judge Skinner abused this judicial power in the most extreme way, damaging not only Mrs. Cooper and her children, but also the public’s confidence in the judicial system.
¶ 43. Based on nothing more than secondhand hearsay (which came to him by an inappropriate ex parte communication that, in itself, is a violation of the Canons, but is unaddressed by the Commission or the Majority), Judge Skinner illegally ordered law enforcement officers to arrest two citizens and to hold them in jail without bail.
¶ 44. As a completely predictable result of the order — I point this out because it is important to note that Judge Skinner was aware of the damage he was about to cause — the mother was arrested at her home and in front of her children, who were placed in foster care and not allowed contact with either parent for months. That Mrs. Cooper and her children would suffer psychological and emotional damage as a result of his order was clearly foreseeable to Judge Skinner.
¶ 45. We judges are human, and we make mistakes. But some abuses of power are worse than others, and this one — in my view — merits punishment more severe than is ordered today. This is not Judge Skinner’s first violation of the Canons of Judicial Conduct. And absent some behavior-modifying punishment, it likely will not be his last.
¶ 46. Finally, I note that we do not review cases of judicial misconduct for the sole purpose of punishing the offending judge. We have the additional responsibility to enforce the Canons of Judicial Conduct in a way that dissuades other judges from similar inappropriate conduct. I do not believe today’s relatively mild punishment for illegally incarcerating two citizens and depriving them of contact with their children for months, will serve as much of a warning. For these reasons, I concur in part and dissent in part.
COLEMAN, J., JOINS THIS OPINION.

. See Miss. Comm'n on Judicial Performance v. Osborne, 16 So.3d 16, 19-20 (Miss.2009) (Judge's action in a case following recusal violated the Code of Judicial Conduct and amounted to "willful misconduct in office and conduct prejudicial to the administration of justice, bringing his judicial office into disrepute.”)